ERNEST L. MERLINO AND LIESELOTTE MERLINO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Merlino v. Commissioner
Docket No. 3481-78.
United States Tax Court
T.C. Memo 1980-112; 1980 Tax Ct. Memo LEXIS 475; 40 T.C.M. (CCH) 134; T.C.M. (RIA) 80112; April 10, 1980, Filed Ernest L. Merlino, pro se. James A. Nelson, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioners' 1975 Federal income tax in the amount of $1,241.76. Due to concessions, the only issue remaining *477 for our decision is whether petitioners may deduct, under section 217, Internal Revenue Code of 1954, [1] various expenses of moving from Munich, Germany, to Seattle, Washington. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporation herein by this reference. Ernest L. Merlino (hereinafter petitioner) and Lieselotte Merlino, husband and wife, lived, at the time the petition herein was filed, in Mercer Island, Washington (a suburb of Seattle, Washington). They filed their joint Fedeal income tax return for the taxable year 1975 with the Internal Revenue Service Center at Ogden, Utah. Petitioner was a civilian employee of the Army and Air Force Exchange Service (hereinafter "the Exchange Service"). The Exchange Service is an instrumentality of the United States Government. As a condition of employment, petitioner was required to accept assignments in any part of the world where an Army or Air Force exchange was located. In July 1972, petitioners moved, pursuant to a transfer order from petitioner's *478 employer, from Dallas, Texas, to Munich, Germany. After 29-1/2 years with the Exchange Service, petitioner voluntarily retired on June 30, 1975. Petitioner's career was a distinguished one, as exhibited by the numerous commendations he received. Furthermore, though the Exchange Service is not part of the Armed Forces of the United States, petitioner, on more than one occasion, was forced to don combat regalia and travel through war zones in order to accomplish his assigned tasks in the Exchange Service. In October 1975, petitioners, with the assistance of petitioner's ex-employer, moved from Munich, Germany, to the Seattle, Washington, area. Petitioners paid $2,901.18 for moving expenses. No reimbursement was received for those expenses. The United States Government provided airline tickets costing $1,138.29 for the transportation of petitioner and his family. Petitioners arrived in the Seattle area on October 31, 1975. Petitioners lived in rental housing until November 30, 1976, at which time they moved into a newly erected house. Petitioners began construction of this house in April 1976. Neither of the petitioners were employed during the 12-month period following *479 their October 31, 1975, arrival in the Seattle area. Petitioner started a business on April 1, 1977, and operated it continuously for the ensuing 84 weeks. On their Federal income tax return for 1975, petitioners included the value of the airline tickets, $1,138.29, in their gross income, and they deducted from their gross income the $2,901.18 in unreimbursed moving expenses. The Commissioner disallowed the moving expense deduction in its entirety. OPINION Petitioner worked for the Exchange Service for 29-1/2 years. In June 1975, while petitioners were livifng in Munich, Germany, petitioner voluntarily retired. In October 1975 petitioners moved to Seattle, Washington, and paid $2,901.18 for moving expenses for which they were not reimbursed. After arriving in the Seattle area on October 31, 1975, neither of the petitioners worked during the 12-month period beginning on that date. On their Federal income tax return for 1975, petitioners deducted the $2,901.18 of unreimbursed moving expenses from their gross income. The Commissioner disallowed the deduction on the ground that the requirements of section 217 had not been met. Section 217, as in effect during 1975, read *480 as follows: SEC. 217. MOVING EXPENSES. (a) DEDUCTION ALLOWED.--There shall be allowed as a deduction moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work. (b) DEFINITION OF MOVING EXPENSES.-- (1) In General.--For purposes of this section, the term "moving expenses" means only the reasonable expenses-- (A) Of moving household goods and personal effects from the former residence to the new residence, (B) of traveling (including meals and lodging) from the former residence to the new place of residence, (C) of traveling (including meals and lodgin), after obtaining employment, from the former residence to the general location of the new principal place of work and return, for the principal purpose of searching for a new residence, (D) of meals and lodging while occupying temporary quarters in the general location of the new principal place of work during any period of 30 consecutive days after obtaining employment, or (E) constituting qualified residence sale, purchase, or lease expenses. (2) Qualified Residence Sale, *481 Etc., Expenses.--For purposes of paragraph (1)(E), the term "qualified residence sale, purchase, or lease expenses" means only reasonable expenses incident to-- (A) the sale or exchange by the taxpayer or his spouse of the taxpayer's former residence (not including expenses for work performed on such residence in order to assist in its sale) which (but for this subsection and subsection (e)) would be taken into account in determining the amount realized on the sale or exchange, (B) the purchase by the taxpayer or his spouse of a new residence in the general location of the new principal place of work which (but for this subsection and subsection (e)) would be taken into account in determining-- (i) the adjusted basis of the new residence, or (ii) the cost of a loan (but not including any amounts which represent payments or prepayments of interest), (C) the settlement of an unexpired lease held by the taxpayer or his spouse on property used by the taxpayer as his former residence, or (D) the acquisition of a lease by the taxpayer or his spouse on property used by the taxpayer as his new residence in the general location of the new principal place of work (not including amounts *482 which are payments or prepayments of rent). (3) Limitations.-- (A) Dollar Limits.--The aggregate amount allowable as a deduction under subsection (a) in connection with a commencement of work which is attributable to expenses described in subparagraph (C) or (D) of paragraph (1) shall not exceed $1,000. The aggregate amount allowable as a deduction under subsection (a) which is attributable to qualified residence sale, purchase, or lease expenses shall not exceed $2,500, reduced by the aggregate amount so allowable which is attributable to expenses described in subparagraph (C) or (D) of paragraph (1). (B) Husband and Wife.--If a husband and wife both commence work at a new principal place of work within the same general location, subparagraph (A) shall be applied as if there was only one commencement of work. In the case of a husband and wife filing separate returns, subparagraph (A) shall be applied by substituting "$500" for "$1,000", and by substituting "$1,250" for "$2,500". (C) Individuals Other Than Taxpayer.--In the case of any individual other than the taxpayer, expenses referred to in subparagraphs (A) through (D) of paragraph (1) shall be taken into account *483 only if such individual has both the former residence and the new residence as his principal place of abode and is a member of the taxpayer's household. (c) CONDITIONS FOR ALLOWANCE.--No deduction shall be allowed under this section unless-- (1) the taxpayer's new principal place of work-- (A) is at least 50 miles farther from his former residence than was his former principal place of work, or (B) if he had no former principal place of work, is at least 50 miles from his former residence, and (2) either-- (A) during the 12-month period immediately following his arrival in the general location of his new principal place of work, the taxpayer is a full-time employee, in such general location, during at least 39 weeks, or (B) during the 24-month period immediately following his arrival in the general location of his new principal place of work, the taxpayer is a full-time employee or performs services as a selfemployed individual on a full-time basis, in such general location, during at least 78 weeks, of which not less than 39 weeks are during the 12-month period referred to in subparagraph (A). For purposes of paragraph (1), the distance between two points shall be *484 the shortest of the more commonly traveled routes between such two points. (d) RULES FOR APPLICATION OF SUBSECTION (c)(2).-- (1) The condition of subsection (c)(2) shall not apply if the taxpayer is unable to satisfy such condition by reason of-- (A) death or disability, or (B) involuntary separation (other than for willful misconduct) from the service of, or transfer for the benefit of, an employer after obtaining full-time employment in which the taxpayer could reasonably have been expected to satisfy such condition. (2) If a taxpayer has not satisfied the condition of subsection (c)(2) before the time prescribed by law (including extensions thereof) for filing the return for the taxable year during which he paid or incurred moving expenses which would otherwise be deductible under this section, but may still satisfy such condition, then such expenses may (at the election of the taxpayer) be deducted for such taxable year notwithstanding subsection (c)(2). (3) If-- (A) for any taxable year moving expenses have been deducted in accordance with the rule provided in paragraph (2), and (B) the condition of subsection (c)(2) cannot be satisfied at the close of a subsequent *485 taxable year, then an amount equal to the expenses which were so deducted shall be included in gross incofme for the first such subsequent taxable year. (e) DENIAL OF DOUBLE BENEFIT.--The amount realized on the sale of the residence described in subparagraph (A) of subsection (b)(2) shall not be decreased by the amount of any expenses described in such subparagraph which are allowed as a deduction under subsection (a), and the basis of a residence described in subparagraph (B) of subsection (b)(2) shall not be increased by the amount of any expenses described in such subparagraph which are allowed as a deduction under subsection (a). This subsection shall not apply to any expenses with respect to which an amount is included in gross income under subsection (d)(3). (f) RULES FOR SELF-EMPLOYED INDIVIDUALS.-- (1) Definition.--For purposes of this section, the term "self- employed individual" means an individual who performs personal services-- (A) as the owner of the entire interest in an unincorporated trade or business, or (B) as a partner in a partnership carrying on a trade or business. (2) Rule for Application of Subsections (b)(1)(C) and (D).--For purposes of subparagraphs *486 (C) and (D) of subsection (b)(1), an individual who commences work at a new principal place of work as a selfemployed individual shall be treated as having obtained employment when he has made substantial arrangements to commence such work. (g) REGULATIONS.--The Secretary or his delegate shall prescribe such regulations as may be necessary to carry out the purpose of this section. It is undisputed that the expenditures here at issue are "moving expenses" as defined by section 217(b). However, respondent contends that these expenses were not paid "in connection with the commencement of work by the taxpayer" as required by section 217(a). Realizing that such a requirement would be hard to enforce because of the difficulty of determining a taxpayer's motive for moving, Congress incorporated some objective tests in section 217(c) to ease the administration of this statute. Generally, these tests require (1) a significant geographical move, and (2) an extended period of full-time employment (or self-employment) within the first year (or two years in certain cases) after the completion of the move. A taxpayer who meets these tests will be presumed to have met the requirement of *487 section 217(a) that the moving expenses be paid or incurred in connection with the commencement of work by the taxpayer as an employee or as a selfemployed individual at a new principal place of work. The parties do not dispute that the geographical move requirements of section 217(c)(1) have been met. However, they are in disagreement over whether either of the post-move employment tests of section 217(c)(2) have been met. [2]
Petitioners first contend that they do not have to meet the post-move employment tests of section 217(c)(2) because of the provisions of section 217(d). They claimed at trial (contrary to the stipulation of facts) that petitioner's retirement from the Exchange Service was involuntary. Petitioner *488 testified to facts which he believes constitute the equivalent of an involuntary separation. However, it is irrelevant whether or not petitioner's retirement prior to his move was involuntary.The exemption from the requirements of section 217(c)(2) which is found in section 217(d)(1) was enacted to cushion the impact of an unforeseen termination of a taxpayer's post-move employment, which termination disables the taxpayer from meeting the post-move employment requirements of section 217 (c)(2). Petitioners have completely misapprehended the thrust of section 217(d). Such section clearly provides no relief to petitioners. Lastly, petitioners contend that section 217, as it presently reads, would exempt them from the post-move work requirements of section 217(c)(2). However, the provisions which petitioners would invoke to provide such exemption were not in effect during 1975. We are very sympathetic with the petitioners' pleas for equitable treatment based on now-extant statutes which would probably provide the relief herein sought. However, the provisions argued by petitioners are not applicable to the taxable year here at issue and any discussion of them would be *489 pointless. Therefore, we conclude that petitioners must bring themselves within the requirements of section 217 (c)(2) in order to deduct their moving expenses. Section 217(c)(2)(A) is clearly inapplicable in petitioners' case since it deals only with post-move employment as a "fulltime employee." We have no evidence that either of the petitioners was ever a "full-time employee" after they moved to the Seattle area. Therefore, section 217(c)(2)(B) enunciates the test which petitioners must meet in order to deduct their moving expenses. The post-move employment requirements of section 217 (c)(2)(B), as here pertinent, are that the taxpayer, during the 24-month period immediately following his arrival in the general location of his new principal place of work, perform services as a self-employed individual on a full-time basis in such general location during at least 78 weeks, of which not less than 39 weeks are during the 12-month period immediately following his arrival in such general location. A crucial factor in determining whether petitioners meet this test is the date from which the 24-month and 12-month periods start to run, i.e., the date of petitioners' "arrival *490 in the general location of [petitioner's] new principal place of work." [3]
Petitioners contend that their "date of arrival" was November 30, 1976, which is the date they moved into the house they built. They argue that during the period between October 31, 1975, which is when they arrived in the Seattle area, and November 30, 1976, they were getting settled and were "transitory." Having so characterized their status during the 13-month "settlement" period, they ask this Court to determine that their "date of arrival in the general location of [petitioner's] new principal place of work" was not until the end of this "transitory" period and, therefore, that the 24- month and 12-month periods in section 217(c)(2)(B) did not start to run until November 30, 1976. If we were to so decide, petitioner's subsequent 84-week self-employment, which commenced on April 1, 1977, would satisfy the demands of section 217(c)(2)(B) and petitioners would be entitled to deduct their moving expenses. *491 Respondent asks the Court to designate October 31, 1975, as petitioners' "date of arrival" for purposes of section 217(c)(2)(B). If we do so, petitioners will not meet the post-move employment requirements of section 217(c)(2)(B) and will, therefore, be denied the deduction of their moving expenses. Petitioners did not cite, nor did we discover, any case which has embraced petitioners' theory of "transitoriness." Implicit in this judicial vacuum is the common sense realization that, when speaking of "moving expenses", the relevant "date of arrival" is the date a taxpayer ends the move which gives rise to the moving expenses he seeks to deduct. In this case, when petitioners arrived at their first residence in Seattle, Washington, on October 31, 1975, they completed their move from Munich, Germany. That move was the move which precipitated the moving expenses which petitioners here seek to deduct. Thus, petitioners' "date of arrival," for purposes of section 217(c)(2)(B), was October 31, 1975, the date they completed the move giving rise to the moving expenses with which we are here concerned. Since neither of the petitioners worked during the 12-month period following that date, *492 they fail the post-move work requirements of section 217 and they may not deduct their moving expenses. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. The parties stipulated prior to trial that "petitioners do not meet the requirements of I.R.C. sec. 217(c)(2)(A) or (B)." However, at trial, petitioners rescinded their agreement to that stipulation and respondent did not object. The parties proceeded at trial and in their briefs as though no such stipulation had been made. Therefore, we will treat petitioners' qualification under section 217(c)(2)↩ as a disputed issue and decide it.
3. Generally, the date of arrival is the date of the termination of the last trip preceding the taxpayer's commencement of work on a regular basis. Sec. 1.217-(c)(4)(ii), Income Tax Regs.↩